IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eugene Dewayne Green, ) | Civil Action No.8:06-3006-GRA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Anthony Padula, Warden Lee ) | |
| Correctional Institution; Captain ) | |
| Arenda Thomas; Lieutenant ) | |
| Johnathan Goodmon; Lieutenant ) | |
| Anthony Davis; Corinne Hill, Director ) | |
| of Nursing; Paul Mack, Correctional ) | |
| Officer; Thomasine Waters, Licensed ) | |
| Practical Nurse; and Sergeant ) | |
| Thomas Commander, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on October 23, 2006, seeking damages for alleged civil rights violations. On February 26, 2007, the defendants filed a motion for summary judgment. By order filed February 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 4, 2007, the plaintiff filed a response and on April 16, 2007, the defendants filed a reply.

**FACTS PRESENTED**

On April 17, 2006, while the plaintiff was housed at the Lee Correctional Institution ("LCI"), he was moved to the Special Management Unit ("SMU") and placed in Cell #39. The plaintiff was not given a mattress until May 9th. (*Id*. at 5 ¶ 29.) The plaintiff alleges that Cell #40 had water flowing into it from the showers. (Compl. at 3-4 ¶¶ 12-20.) On May 10th, the plaintiff was moved to Cell #39 which he alleges also had problems with water entering it from the showers. (*Id*. at ¶¶ 30; 32.) He alleges the water was contaminated with urine and feces. (Id. at ¶ 34.) On May 19th, the plaintiff claims he slipped and fell in the water in his cell and injured his ankle, thumb, and back. (Compl. at 5-6 ¶ 35.) He states that defendants Mack and Waters saw him fall but did nothing to assist him. (*Id*. at 6 ¶¶ 37-39.) He states he was taken to medical the next day and x-rays were scheduled. (*Id.* at 7 ¶¶ 41-42.)

On June 2nd, the plaintiff alleges he complained to defendant Thomas about the water in Cells # 39 and 40 and asked to be reassigned. (Compl. at 7 ¶ 45.) The defendant Thomas responded that the plaintiff was not affected by any flow of water from the showers. (*Id*. at ¶ 47.) On June 16th, the plaintiff was reassigned to Cell # 40 where he remained until his release into the general population on July 5th. (*Id.* at 7-8 ¶¶ 48-49.) Additionally, the plaintiff alleges he was denied outdoor exercise while he was confined in SMU. (*Id.* at 8-9 ¶¶ 50; 64.)

On July 7, 2006, the plaintiff was placed back into the SMU in Cell #122 which he alleges had a clogged sink and no running water, lights, or mattress. (Compl. at 8 ¶¶ 51-

2

53.) He states the lights were fixed on July 10th and the water was restored on July 28th. (*Id.* at ¶¶ 55-56.) He alleges he slept on a concrete slab for 26 days. (*Id.* at ¶ 54.)

On August 4th, the plaintiff alleges that he suffered an allergic reaction and requested emergency medical care for a skin rash, vomiting, lack of appetite, headaches and difficulty breathing. (Compl. at 9 ¶ 60.) He alleges he was told to sign up for sick call and denied immediate emergency medical treatment. (*Id*. at ¶ 61.)

The plaintiff also alleges that on August 3, 2006, he received a court order to which he was to respond by a deadline, but he was prevented from complying with the court order by defendants Captain Thomas and Lieutenant Davis. (Compl. at 9 ¶¶ 62-63.) He alleges they would not provide him the proper forms and other materials to allow him to respond. (*Id.*) Finally, the plaintiff alleges that he filed grievances about the allegations he raises in his complaint, but received no response. (Compl. at 8-9 ¶¶ 58-59; 65.) The plaintiff is seeking actual and punitive damages and declaratory and injunctive relief. (Compl. at 12-14.)

## **Summary Judgment Standard of Review**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The plaintiff alleges claims relating to the conditions of his confinement, denial of access to legal materials, deliberate medical indifference, and negligence. (Compl. at 1; 10-11.)

**Conditions of Confinement Claims**

The plaintiff contends that while in SMU he was subjected to unsanitary and unhealthy conditions. Specifically, he contends that there was contaminated water on the floor in Cells # 39 and # 40; he was without a mattress for periods of time; there was a clogged sink, and no running water and lights in Cell # 122; and he was denied outdoor exercise while in SMU.

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. *Id.* at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. *Id.* Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* (*quoting Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993)). Additionally, to satisfy

the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." *Strickland*, 989 F.2d at 1379.

Additionally, the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering).

Here, the plaintiff cannot show an Eighth Amendment violation resulting from the conditions of his confinement because he has not alleged any significant physical injury. The plaintiff alleges that as a result of the conditions of his confinement, he is suffering from back pain and mental anguish. (Compl. 4; 6.) However, a review of the plaintiff's medical records fails to reveal any serious or significant physical injury resulting from the conditions of his confinement in SMU during April and most of May. On May 20, 2006, the medical records show that the plaintiff was treated for a fall he alleged occurred in his cell. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 1 - Med. Records at 11.) However, the medical records shows that his injuries from the fall were not significant. He was noted to have some swelling to his wrist and ankle and he was given ibuprofen. Further, his hand was

x-rayed on June 12, 2006, and the results were normal. (*Id.* at 50.)[1]

As for the plaintiff's back pain caused by sleeping without a mattress, he did not make any complaints regarding this until August 8, 2006. (*Id.* at 8.)  Given that the plaintiff only sought medical treatment months later for his back pain, and fails to include any information as to what if anything was done for his back pain lends to the conclusion that his injuries from the conditions of his confinement were de minimis at most.  The lack of any serious injury compels the conclusion as a matter of law that the plaintiff suffered no constitutional deprivation. *See Taylor*, 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir.1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury).

Further, even assuming that the plaintiff may be suffering from back pain and mental anguish, there is nothing in the record before the Court linking these conditions to any actions by the defendants. *Norman v. Taylor*, 25 F.3d 1259, 1264-65 (4th Cir. 1994)(en banc)(plaintiff's claim failed as matter of law where medical records did not support plaintiff's claim of injury or psychological harm).  The record shows that the plaintiff has suffered from a pre-existing condition and complained of back pain on and off for years. (See generally Defs.' Mem. Supp. Summ. J. Mot. Ex. 1 - Med. Records)  Additionally, it is

---

[1] On July 5, 2006, the plaintiff for the first time complained of back pain caused by his fall in his cell. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 1 - Med. Records at 10.)  The Court notes that given that the plaintiff waited many weeks to complain of back pain from a fall which took place on May 19th leads to the conclusion that any injury to his back from the fall must have been de minimis.

important to note that the plaintiff did not complain of any back pain caused by the lack of a mattress during April through July 2006. In order to prevail on a constitutional claim for damages under § 1983, a plaintiff must show that the defendants were the proximate cause of his injuries. *See Martinez v. California*, 444 U.S. 277, 285 (1980). Here, the plaintiff has not shown that these defendants caused him any injury sufficient to support a cruel and unusual punishment claim. Accordingly, the defendants should be granted summary judgment on this claim.

### Deliberate Indifference to Medical Needs Claims

The plaintiff alleges the defendants were deliberately indifferent to his medical needs on two occasions. First, he contends he slipped and fell in his cell on May 19, 2006, and defendants Waters and Mack saw him on the floor injured and failed to act. (Compl. 5-6 ¶¶ 35-39.) Second, he alleges that on August 4, 2006, he was denied emergency medical treatment when he was suffering from a skin rash, vomiting, lack of appetite, headaches and difficulty breathing. (Compl. 9 ¶ 60.)

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious

medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier*, the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Initially, the Court notes that as to the plaintiff's claims of medical indifference against defendants Padula, Thomas, Davis, Goodman, and Commander, these claims should be dismissed. The Fourth Circuit has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier*, 896 F.2d 848. Prison personnel may rely on the opinion of the medical staff as to

the proper course of treatment. *Id.* Applying these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against defendants Padula, Thomas, Davis, Goodman, and Commander.

Furthermore, to the extent the plaintiff could rely on the doctrine of supervisory liability against any of the defendants, the plaintiff has failed to make any showing of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier*, 896 F.2d at 854 (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Accordingly, the plaintiff's claims based upon supervisory liability should be dismissed.

On the merits of the plaintiff first claim against the medical defendants Hill and Waters, even assuming arguendo that the plaintiff suffered serious or life threatening conditions, there is no evidence that these defendants were deliberately and intentionally indifferent to the plaintiff's medical needs. The plaintiff has failed to show that he was denied medical treatment by the defendants. In fact, the plaintiff acknowledges in his complaint that he was treated and x-rayed after his fall in May 2006. At best, the plaintiff

alleges a delay in treatment. However, even assuming there was a delay, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994). The plaintiff has failed to allege how any such delay resulted in a detrimental effect.

As to the plaintiff's second claim that he was denied medical treatment on August 4, 2006, when he was suffering from a skin rash, vomiting, lack of appetite, headaches and difficulty breathing, the plaintiff's medical records show that the plaintiff was treated on August 4, 2006. He was prescribed Benadryl and Hydrocortisone cream. (Ex. 1 at 8.) Apparently, the plaintiff did not agree with the treatment he received. At best, the plaintiff has alleged a medical negligence claim which is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851 (holding for plaintiff to succeed on medical indifference claim, treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . mere negligence or malpractice does not violate the Eighth Amendment .") Accordingly, the plaintiff has failed to state a claim for medical indifference against the defendants.

**Denial of Access to Courts Claim**

In his denial of access to the courts claim, the plaintiff alleges he missed a deadline in a court case because of the defendants' actions, or more accurately their inaction in their failure to provide him with the proper forms, pens, pencils, and paper.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. *Bounds*, however, merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis,* 518 U.S. at 353-54.

First, the Court notes that the plaintiff does not cite an action with any specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)(dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). However, even assuming the plaintiff is referring to the federal action which he had pending at that time, *Green v. Rushton, et. al.*, C/A No. 8:05-2251, the plaintiff has failed to state a claim. In that action, a report and recommendation was filed on July 31, 2006, and the plaintiff had until August 17, 2006, to file objections. On August 16th, the plaintiff filed a motion for an extension so that he could "gather legal materials from the prison library." In his affidavit accompanying the motion, the plaintiff averred that he had no

12

paper, pens, or envelopes to enable him to respond to the report. United States District Court Judge G. Ross Anderson, Jr., denied the plaintiff's motion because the plaintiff did not sufficiently demonstrate good cause for such an extension. The plaintiff did not appeal the denial of his motion for an extension. Clearly, the plaintiff was not denied access to the courts by the defendants as evidenced by the fact that he was able to timely file a motion for an extension. The plaintiff has failed to state a claim of denial of access to the courts.

Additionally, the plaintiff also alleges a claim against the defendants for failing to respond to his grievances. (*See* Compl.) However, a prison official's response, or lack thereof, to an inmate's administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944)(dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)(holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983). Thus, even if defendants failed to respond to or process the plaintiff's grievances, the plaintiff has not stated a constitutional claim.

### State Law Claims

To the extent that the plaintiff states additional claims under state law, for example

negligence, (see Compl. at 1), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the Defendants' Motion for Summary Judgment (# 13) be Granted.

IT IS SO RECOMMENDED.

                                                                                   *[signature]*
                                                                                   BRUCE H. HENDRICKS
                                                                                   UNITED STATES MAGISTRATE JUDGE

July 30, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).